

**CT Corporation**
**Service of Process Notification**
06/28/2022
CT Log Number 541831383

## Service of Process Transmittal Summary

**TO:** Sarah Rief, STOP 1580
Union Pacific Railroad Company
1400 Douglas St
Omaha, NE 68179-0002

**RE:** Process Served in Illinois

**FOR:** Union Pacific Railroad Company  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased, and KENNETH HOUSENGA, Individually // To: Union Pacific Railroad Company |
| **CASE #:** | 2022LA21 |
| **NATURE OF ACTION:** | Wrongful Death |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/28/2022 at 10:09 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2022, Expected Purge Date: 07/04/2022 |
| | Image SOP |
| | Email Notification,  Sarah Rief  sjrief@up.com |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
866-331-2303
CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jun 28, 2022
**Server Name:** Sheriff Drop

| Entity Served | UNION PACIFIC RAILROAD COMPANY |
|---|---|
| Case Number | 2022LA21 |
| Jurisdiction | IL |

| Inserts |
|---|
| |



\* 5 0 1 8 2 0 4 3 \*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
WHITESIDE COUNTY, ILLINOIS

| | |
|---|---|
| KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased and KENNETH HOUSENGA, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation, <br><br> Defendant. | No. 2022 LA 21 |

## SUMMONS

To each defendant: Union Pacific Railroad Company c/o CT Corporation System, registered agent, 208 South LaSalle Street, Suite 814, Chicago, IL 60604

 You are summoned and required to file an answer in this case or otherwise file your appearance in the Office of the Clerk of this Court, Whiteside County Courthouse, 101 East 3rd Street, Sterling, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

 E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application. You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance." Call the Circuit Clerk at 815-535-4530 or visit their website at www.whiteside.org to find out how to do this.

 To the officer: This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

 This summons may not be served later than 30 days after its dated.

WITNESS: 6/16/2022

_Sue R Costello_
(Clerk of the Circuit Court)

By: _____
  (Deputy)

Mr. James W. Mertes, Esq.
MERTES & MERTES, P.C.
Attorney for Plaintiff
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
Email: jmertes@mertesandmertes.com

Date of service: _____

(To be inserted by officer on the copy left with the defendant or other person.)

\* 5 0 1 8 2 0 4 3 \*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
WHITESIDE COUNTY, ILLINOIS

| | |
|---|---|
| KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased and KENNETH HOUSENGA, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation,<br><br>Defendant. | No. 2022 LA 21 |

## SUMMONS

To each defendant: Union Pacific Railroad Company c/o CT Corporation System, registered agent, 208 South LaSalle Street, Suite 814, Chicago, IL 60604

You are summoned and required to file an answer in this case or otherwise file your appearance in the Office of the Clerk of this Court, Whiteside County Courthouse, 101 East 3rd Street, Sterling, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application. You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance." Call the Circuit Clerk at 815-535-4530 or visit their website at www.whiteside.org to find out how to do this.

To the officer: This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its dated.

WITNESS: 6/16/2022

Sue R Costello

(Clerk of the Circuit Court)

By: _____
 (Deputy)

Mr. James W. Mertes, Esq.
MERTES & MERTES, P.C.
Attorney for Plaintiff
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
Email: jmertes@mertesandmertes.com

Date of service: _____

(To be inserted by officer on the copy left with the defendant or other person.)

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT

COUNTY OF WHITESIDE, STATE OF ILLINOIS

| | | |
|---|---|---|
| KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased, and KENNETH HOUSENGA, Individually, | } } } } } | FILED<br>Circuit Court Whiteside County<br>Date: 6/15/2022 2:33 PM<br>Sue Costello Circuit Clerk |
| Plaintiff, | } } | **2022LA21**<br>Case No. 2022 LA _____ |
| vs. | } } | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | } } } | |
| Defendant. | } } | |

COMPLAINT

The Plaintiff, Kenneth Housenga, as Administrator of the Estate of Jodi L. Housenga, Deceased, and Kenneth Housenga Individually, by his attorneys, the Law Firm of Mertes & Mertes, P.C., complains of the Defendant, Union Pacific Railroad Company, a Delaware Corporation, and states as follows:

Count 1
Estate of Jodi L. Housenga vs. Union Pacific Railroad
(Wrongful Death Act)

The Plaintiff, Kenneth Housenga, as Administrator of the Estate of Jodi L. Housenga, Deceased, complains of the Defendant, Union Pacific Railroad, a Delaware Corporation, and states as follows:

1. On August 27, 2021, the Circuit Court of the Fourteenth Judicial Circuit issued letters of office to Kenneth Housenga, conferring upon him the authority by which to act as Administrator of the Estate of Jodi L. Housenga, Deceased, in a cause of action specifically

- 1 -

entitled *In Re the Estate of Jodi Lynn Housenga*, Whiteside County Case Number 2021 P 105. A copy of the letters of office has been identified as Exhibit 1 to this Complaint and Exhibit 1 is attached hereto and specifically incorporated herein.

2. The Plaintiff, Kenneth Housenga, was and is an individual adult person residing within the County of Whiteside and State of Illinois.

3. The Defendant, Union Pacific Railroad Company, was and is a Delaware Corporation registered to do business and doing business within the State of Illinois (hereinafter referred to as "Union Pacific").

4. The Defendant Union Pacific, was and is the owner of the riparian real property located approximately between Ward and Waller Roads near 17360 Diamond Road in the City of Fulton, County of Whiteside, State of Illinois (hereinafter referred to as the "Railroad Property").

5. Before June 17, 2020, Union Pacific acquired the Railroad Property as part of a Clinton Railroad Bridge construction project.

6. Before June 17, 2020, Union Pacific contracted with and consulted various arborists, botanists, scientists, and other federal and state environmental compliance contractors for the purpose, among others, of examining trees and plants located on the Railroad Property.

7. On June 17, 2020, and for some time prior thereto, a grove of timber surrounded a pond on the Railroad Property.

8. Within the grove of timber on the Railroad Property, and near the pond on the Railroad Property, a group of at least four cottonwood trees grew from a singular or combined root structure (hereinafter referred to as the "Cottonwood Tree Cluster").

9. On and prior to June 17, 2020, Union Pacific gave both the Plaintiff, Kenneth Housenga, and the Plaintiff's Decedent, Jodi L. Housenga, permission to be present on the Railroad Property.

10. On and prior to June 17, 2020, Union Pacific owed a duty to the Plaintiffs to keep the Railroad Property, including the Cottonwood Tree Cluster, in a reasonably safe condition, to remove dangerous trees located upon the Railroad Property, and to warn invitees and permissive users of the dangers of the Cottonwood Tree Cluster.

11. On and prior to June 17, 2020, Union Pacific knew or should have known that the Cottonwood Tree Cluster on the Railroad Property was dangerous and that its trees were susceptible to spontaneously falling.

12. On June 17, 2020, in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, was present upon the Railroad Property with the permission of Union Pacific.

13. On June 17, 2020 in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, was located near the Cottonwood Tree Cluster when one of its trees spontaneously fell and crushed the Plaintiff's Decedent, Jodi L. Housenga, who thereafter died as a consequence of the injuries sustained during the course of this incident.

14. Union Pacific was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Union Pacific failed to design and implement a proper program for the inspection of trees on the Railroad Property;

    b. Union Pacific failed to identify the dangerous condition of the Cottonwood Tree Cluster, and of the tree that fell from it onto the Plaintiff's Decedent, Jodi L. Housenga;

    c. Union Pacific failed to maintain the Railroad Property in a safe condition;

    d. Union Pacific failed to remove the Cottonwood Tree Cluster;

    e. Union Pacific failed to prune the Cottonwood Tree Cluster;

    f.  Union Pacific failed to inform or warn invitees and permissive users of the Railroad Property, including the Plaintiff's Decedent, Jodi L. Housenga, of the dangerous condition of the Cottonwood Tree Cluster; and/or

    g.  Union Pacific failed to perform periodic inspections of the trees in the location of the incident to determine if the trees or portions of the trees posed a risk to public safety.

15. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, Union Pacific, the Plaintiff's Decedent, Jodi L. Housenga, sustained severe and permanent injuries, which resulted in or contributed to her death on June 17, 2020.

16. The Plaintiff's Decedent, Jodi L. Housenga, left surviving her: Kenneth Housenga, her spouse, Mindy VanKampen, her daughter; Brittany Hayes, her daughter; Corbin Hayes, her son, all of whom are still living.

17. By reason of her death, the Plaintiff's decedent, Jodi L. Housenga, lost all future income that she would have received had her death not occurred.

18. By reason of the death of the Plaintiff's Decedent, Jodi L. Housenga, her next of kin suffered the loss of her companionship, society, and valuable services, all to the damage of the Estate of Jodi L. Housenga, Deceased, and the next of kin of the Plaintiff's Decedent, Jodi L. Housenga.

19. This action is brought pursuant to 740 ILCS 180/1, which is commonly referred to as the Wrongful Death Act.

WHEREFORE, the Plaintiff, Kenneth Housenga, as Administrator of the Estate of Jodi L. Housenga, demands judgment against the Defendant, Union Pacific, in an amount in excess of $50,000.00, plus costs of suit.

<b><u>PLAINTIFF DEMANDS TRIAL BY TWELVE-MEMBER JURY.</u></b>

<u>Count 2</u>
Estate of Jodi L. Housenga vs. Union Pacific Railroad
(Survival Act)

The Plaintiff, Kenneth Housenga, as Administrator of the Estate of Jodi L. Housenga, Deceased, complains of the Defendant, Union Pacific Railroad, a Delaware Corporation, and states as follows:

1. On August 27, 2021, the Circuit Court of the Fourteenth Judicial Circuit issued letters of office to Kenneth Housenga, conferring upon him the authority by which to act as Administrator of the Estate of Jodi L. Housenga, Deceased, in a cause of action specifically entitled *In Re the Estate of Jodi Lynn Housenga*, Whiteside County Case Number 2021 P 105. A copy of the letters of office has been identified as Exhibit 1 to this Complaint and Exhibit 1 is attached hereto and specifically incorporated herein.

2. The Plaintiff, Kenneth Housenga, was and is an individual adult person residing within the County of Whiteside and State of Illinois.

3. The Defendant, Union Pacific Railroad Company, was and is a Delaware Corporation registered to do business and doing business within the State of Illinois (hereinafter referred to as "Union Pacific").

4. The Defendant Union Pacific, was and is the owner of the riparian real property located approximately between Ward and Waller Roads near 17360 Diamond Road in the City of Fulton, County of Whiteside, State of Illinois (hereinafter referred to as the "Railroad Property").

5. Before June 17, 2020, Union Pacific acquired the Railroad Property as part of a Clinton Railroad Bridge construction project.

6. Before June 17, 2020, Union Pacific contracted with and consulted various arborists, botanists, scientists, and other federal and state environmental compliance contractors for the purpose, among others, of examining trees and plants located on the Railroad Property.

7. On June 17, 2020, and for some time prior thereto, a grove of timber surrounded a pond on the Railroad Property.

8. Within the grove of timber on the Railroad Property, and near the pond on the Railroad Property, a group of at least four cottonwood trees grew from a singular or combined root structure (hereinafter referred to as the "Cottonwood Tree Cluster").

9. On and prior to June 17, 2020, Union Pacific gave both the Plaintiff, Kenneth Housenga, and the Plaintiff's Decedent, Jodi L. Housenga, permission to be present on the Railroad Property.

10. On and prior to June 17, 2020, Union Pacific owed a duty to the Plaintiffs to keep the Railroad Property, including the Cottonwood Tree Cluster, in a reasonably safe condition, to remove dangerous trees located upon the Railroad Property, and to warn invitees and permissive users of the dangers of the Cottonwood Tree Cluster.

11. On and prior to June 17, 2020, Union Pacific knew or should have known that the Cottonwood Tree Cluster on the Railroad Property was dangerous and that its trees were susceptible to spontaneously falling.

12. On June 17, 2020, in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, was present upon the Railroad Property with the permission of Union Pacific.

13. On June 17, 2020 in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, was located near the Cottonwood Tree Cluster when one of its trees spontaneously fell and crushed the Plaintiff's Decedent, Jodi L. Housenga, who thereafter died as a consequence of the injuries sustained during the course of this incident.

14. Union Pacific was then and there guilty of one or more of the following negligent acts and/or omissions:

   a. Union Pacific failed to design and implement a proper program for the inspection of trees on the Railroad Property;

   b. Union Pacific failed to identify the dangerous condition of the Cottonwood Tree Cluster, and of the tree that fell from it onto the Plaintiff's Decedent, Jodi L. Housenga;

   c. Union Pacific failed to maintain the Railroad Property in a safe condition;

   d. Union Pacific failed to remove the Cottonwood Tree Cluster;

   e. Union Pacific failed to prune the Cottonwood Tree Cluster;

   f. Union Pacific failed to inform or warn invitees and permissive users of the Railroad Property, including the Plaintiff's Decedent, Jodi L. Housenga, of the dangerous condition of the Cottonwood Tree Cluster; and/or

   g. Union Pacific failed to perform periodic inspections of the trees in the location of the incident to determine if the trees or portions of the trees posed a risk to public safety.

15. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, Union Pacific, the Plaintiff's Decedent, Jodi L. Housenga, sustained severe and permanent injuries, which resulted in or contributed to her death on June 17, 2020.

16. The Plaintiff's Decedent, Jodi L. Housenga, left surviving her: Kenneth Housenga, her spouse, Mindy VanKampen, her daughter; Brittany Hayes, her daughter; Corbin Hayes, her son, all of whom are still living.

17. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Union Pacific, the Plaintiff's Decedent, Jodi L. Housenga, suffered serious injuries of a personal and pecuniary nature including, but not limited to, conscious pain and suffering before her death.

18. This action is brought pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, the Plaintiff, Kenneth Housenga, as Administrator of the Estate of Jodi L. Housenga, demands judgment against the Defendant, Union Pacific, in an amount in excess of $50,000.00, plus costs of suit.

### PLAINTIFF DEMANDS TRIAL BY TWELVE-MEMBER JURY.

COUNT 3
Kenneth Housenga vs. Union Pacific Railroad
(Negligent Infliction of Emotional Distress)

The Plaintiff, Kenneth Housenga, complains of the Defendant, Union Pacific Railroad Company, a Delaware Corporation, and states as follows:

1. On August 27, 2021, the Circuit Court of the Fourteenth Judicial Circuit issued letters of office to Kenneth Housenga, conferring upon him the authority by which to act as Administrator of the Estate of Jodi L. Housenga, Deceased, in a cause of action specifically entitled *In Re the Estate of Jodi Lynn Housenga*, Whiteside County Case Number 2021 P 105. A copy of the letters of office has been identified as Exhibit 1 to this Complaint and Exhibit 1 is attached hereto and specifically incorporated herein.

2. The Plaintiff, Kenneth Housenga, was and is an individual adult person residing within the County of Whiteside and State of Illinois.

3. The Defendant, Union Pacific Railroad Company, was and is a Delaware Corporation registered to do business and doing business within the State of Illinois (hereinafter referred to as "Union Pacific").

4. The Defendant Union Pacific, was and is the owner of the riparian real property located approximately between Ward and Waller Roads near 17360 Diamond Road in the City of Fulton, County of Whiteside, State of Illinois (hereinafter referred to as the "Railroad Property").

5. Before June 17, 2020, Union Pacific acquired the Railroad Property as part of a Clinton Railroad Bridge construction project.

6. Before June 17, 2020, Union Pacific contracted with and consulted various arborists, botanists, scientists, and other federal and state environmental compliance contractors for the purpose, among others, of examining trees and plants located on the Railroad Property.

7. On June 17, 2020, and for some time prior thereto, a grove of timber surrounded a pond on the Railroad Property.

8. Within the grove of timber on the Railroad Property, and near the pond on the Railroad Property, a group of at least four cottonwood trees grew from a singular or combined root structure (hereinafter referred to as the "Cottonwood Tree Cluster").

9. On and prior to June 17, 2020, Union Pacific gave both the Plaintiff, Kenneth Housenga, and the Plaintiff's Decedent, Jodi L. Housenga, permission to be present on the Railroad Property.

10. On and prior to June 17, 2020, Union Pacific owed a duty to the Plaintiffs to keep the Railroad Property, including the Cottonwood Tree Cluster, in a reasonably safe condition, to remove dangerous trees located upon the Railroad Property, and to warn invitees and permissive users of the dangers of the Cottonwood Tree Cluster.

11. On and prior to June 17, 2020, Union Pacific knew or should have known that the Cottonwood Tree Cluster on the Railroad Property was dangerous and that its trees were susceptible to spontaneously falling.

12. On June 17, 2020, in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, and the Plaintiff, Kenneth Housenga, individually, were present upon the Railroad Property with the permission of Union Pacific.

13. On June 17, 2020 in the early evening hours, the Plaintiff's Decedent, Jodi L. Housenga, and the Plaintiff, Kenneth Housenga, individually, were located near the Cottonwood Tree Cluster when one of its trees spontaneously fell and crushed the Plaintiff's Decedent, Jodi L. Housenga, who thereafter died as a consequence of the injuries sustained during the course of this incident.

14. The Plaintiff, Kenneth Housenga was in the "zone of danger" at the time that thea tree from the Cottonwood Tree Cluster came crashing down on his wife, Jodi L. Housenga.

15. The Plaintiff, Kenneth Housenga, felt contemporaneous fear for his own safety as well as the safety of his wife as the tree came crashing down on his wife.

16. The Plaintiff, Kenneth Housenga suffered tremendous physical and mental pain, grief and injury as a result of the emotional distress of watching his wife suffer grievous personal injuries in his immediate presence, and by nearly being crushed by the tree himself.

17. Union Pacific was then and there guilty of one or more of the following negligent acts and/or omissions:

 a. Union Pacific failed to design and implement a proper program for the inspection of trees on the Railroad Property;

 b. Union Pacific failed to identify the dangerous condition of the Cottonwood Tree Cluster, and of the tree that fell from it onto the Plaintiff's Decedent, Jodi L. Housenga;

 c. Union Pacific failed to identify the dangerous condition of the Cottonwood Tree Cluster, and of the tree that fell from it, nearly crushing the Plaintiff, Kenneth Housenga;

 d. Union Pacific failed to maintain the Railroad Property in a safe condition;

 e. Union Pacific failed to remove the Cottonwood Tree Cluster;

 f. Union Pacific failed to prune the Cottonwood Tree Cluster;

 g. Union Pacific failed to inform or warn invitees and permissive users of the Railroad Property, including the Plaintiff's Decedent, Jodi L. Housenga, of the dangerous condition of the Cottonwood Tree Cluster;

    h.  Union Pacific failed to inform or warn invitees and permissive users of the Railroad Property, including the Plaintiff, Kenneth Housenga, of the dangerous condition of the Cottonwood Tree Cluster; and/or

    i.  Union Pacific failed to perform periodic inspections of the trees in the location of the incident to determine if the trees or portions of the trees posed a risk to public safety.

    18.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the Plaintiff's decedent suffered severe personal injuries and ultimate death in the immediate presence of her husband, Kenneth Housenga.

    19.  As a proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Union Pacific, the Plaintiff, Kenneth Housenga, has suffered severe emotional distress.

    WHEREFORE, the Plaintiff, Kenneth Housenga, demands judgment against the Defendant, Union Pacific, in an amount in excess of $50,000.00, plus costs of suit.

                   KENNETH HOUSENGA, as Administrator of the
                   ESTATE OF JODI L. HOUSENGA, and
                   KENNETH HOUSENGA, Individually, Plaintiffs,


              By:      /s/ James W. Mertes
                 Mr. James W. Mertes, Esq.
                 Mertes & Mertes, P.C.
                 Attorneys for Plaintiffs


Mr. James W. Mertes, Esq.
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorneys for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
E-mail: jmertes@mertesandmertes.com

\* 5 0 1 8 2 0 4 3 \*

CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT

WHITESIDE COUNTY, ILLINOIS

ESTATE OF )
)  CASE NO. 2021 P 105
)
JODI LYNN HOUSENGA )
        Deceased )
)

LETTERS OF ADMINISTRATION

The above Court has appointed KENNETH HOUSENGA as
INDEPENDENT ADMINISTRATOR of the estate of JODI LYNN HOUSENGA,
deceased, who died on the 17TH day of JUNE, 2020
and such representative is authorized to
sue for and collect the personal estate of, and debts due the decedent, and to
perform all duties imposed on the representative so far as there is property
and as charged by law and to do all other acts now or hereafter required by law
of said representative.

Witness, AUGUST 27, 2021

SUE R. COSTELLO

Clerk of Court

(Seal of Court)

CERTIFICATE

I certify that this is a copy of the letters of office now in force
in this case.

(Seal of Court)

Date: AUGUST 27, 2021

---

SUE R. COSTELLO
Clerk of Court

LETTERS OF ADMINISTRATION - CERTIFIED                              P-28 CERT

EXHIBIT 1 to Complaint

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT

COUNTY OF WHITESIDE, STATE OF ILLINOIS

| | |
|---|---|
| KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased, and KENNETH HOUSENGA, Individually,<br><br>                Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>                Defendant. | FILED<br>Circuit Court Whiteside County<br>Date: 6/15/2022 2:33 PM<br>Sue Costello Circuit Clerk<br><br>2022LA21<br><br>Case No. 2022 LA _____ |

## PLAINTIFFS' DEMAND FOR TWELVE-MEMBER JURY

The Plaintiffs, by and through their attorneys, the Law Firm of Mertes & Mertes, P.C., demand trial by twelve-member jury on all counts of the complaint.

        KENNETH HOUSENGA, as Administrator of the
        ESTATE OF JODI L. HOUSENGA, and
        KENNETH HOUSENGA, Individually, Plaintiffs,


        By:_____/s/ James W. Mertes_____
           Mr. James W. Mertes, Esq.
           Mertes & Mertes, P.C.
           Attorneys for Plaintiffs

Mr. James W. Mertes, Esq.
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorneys for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
E-mail: jmertes@mertesandmertes.com

\* 5 0 1 8 2 0 4 3 \*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT

COUNTY OF WHITESIDE, STATE OF ILLINOIS

| | |
|---|---|
| KENNETH HOUSENGA, as Administrator of the ESTATE OF JODI L. HOUSENGA, Deceased, and KENNETH HOUSENGA, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Defendant. | FILED<br>Circuit Court Whiteside County<br>Date: 6/15/2022 2:33 PM<br>Sue Costello Circuit Clerk<br><br>**2022LA21**<br><br>Case No. 2022 LA _____ |

### PLAINTIFFS' AFFIDAVIT OF DAMAGES SOUGHT
### (>$50,000.00)

James W. Mertes, Attorney for the Plaintiffs, verifies that the total money damages sought herein exceeds the amount of $50,000.00. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

      KENNETH HOUSENGA, as Administrator of the
      ESTATE OF JODI L. HOUSENGA, and
      KENNETH HOUSENGA, Individually, Plaintiffs,


    By:_____/s/ James W. Mertes_____
      Mr. James W. Mertes, Esq.
      Mertes & Mertes, P.C.
      Attorneys for Plaintiffs

Mr. James W. Mertes, Esq.
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorneys for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
E-mail: jmertes@mertesandmertes.com



# IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## WHITESIDE COUNTY, ILLINOIS

SUE R. COSTELLO  *Housenga*
CIRCUIT CLERK

**ORDER**

MORRISON (815) 772-5188
STERLING (815) 535-4530

CASE # _____

Pursuant to Supreme Court Rule 218 and, if applicable, Supreme Court Rules 904 or 923, each plaintiff and defendant not represented by an attorney and all attorneys of record and authorized to act shall appear for a Case Management Conference on the _____ day of _____, 20___ at ____ __.m. at the Whiteside County Court Building, ___Sterling___, IL. The aforementioned litigants and attorneys shall be prepared to discuss with and/or present to the Court all matters set forth in the aforementioned Supreme Court Rules. If the parties are in a posture whereby a Case Management Conference Order is required by the relevant Supreme Court Rule, then such an Order will be entered on the form(s) prescribed by the appropriate 14th Judicial Rules of Practice and/or Whiteside County Administrative Order. Motions will NOT be heard during a Case Management Conference.

_____
Trish A. Senneff, Circuit Judge

Date: _____

_____
Stanley B. Steines, Circuit Judge

revised 12/2018 G.C.